UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
JOSEPH ZENNARO, Individually and as  :
Guardian *Ad Litem* of DEBRA  :
GOODEY-ZENNARO  :
   :
         Plaintiffs,  :      **SUMMARY ORDER**
   :
      -against-  :      03-CV-2155 (DLI) (JMA)
   :
WYETH, INC.; AMERICAN HOME PRODUCTS  :
CORPORATION, k/n/a WYETH, Individually and,  :
through its Divisions WHITEHALL-ROBINS  :
HEALTHCARE and WYETH-AYERST  :
LABORATORIES; WYETH-AYERST  :
PHARMACEUTICALS INC.; WYETH-AYERST,  :
INTERNATIONAL, INC.; WHITEHALL  :
INTERNATIONAL INC.  :
   :
         Defendants.  :
----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On June 26, 2007, the parties in this matter submitted to the court a stipulation of discontinuance of this action with prejudice. Local Civil Rule 83.2(a)(1) states that "[a]n action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the court embodied in an order, judgment or decree." The court declines, at this time, to endorse the parties' stipulation discontinuing this action.

In this circuit, the district court has the "ultimate responsibility" of ensuring that an incompetent's interests in an action brought before the court are vindicated. *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654 (2d Cir. 1999) (citation omitted). To this end, the court must take care to "enjoy[] a familiarity. . . with the proceedings, the parties, and the performance of counsel." *Id.*

The parties' one-paragraph stipulation of discontinuance provides this court with no information concerning the reason for discontinuance. The court is completely in the dark about whether discontinuance of this action with prejudice is in the best interests of plaintiff Debra Goodey-Zennaro ("Goodey-Zennaro"), who is legally incompetent and is thus represented by her guardian *ad litem* Joseph Zennaro ("Zennaro") and his attorneys. Furthermore, the parties have provided no stipulation of settlement or any other indication that a discontinuance with prejudice vindicates Goodey-Zennaro's interests.

Section 1208 of the New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") requires that a proposed settlement of an incompetent's action be accompanied by affidavits and other materials, from the incompetent's representative and attorney, containing certain basic information, as well as various assurances that the proposed settlement will serve the incompetent's interests. N.Y. C.P.L.R. § 1208(a)-(c) (2007). N.Y. C.P.L.R. further provides that the moving party or petitioner, the incompetent, and the incompetent's attorney shall attend a hearing before the court regarding the proposed settlement. *Id.* § 1208(d).

This court hereby refers this matter to United States Magistrate Judge Joan M. Azrack. The parties are directed to appear before Judge Azrack for a hearing on this matter on a date to be determined by the magistrate judge. Furthermore, although the parties have not submitted a proposed settlement, this court, relying on the principles set forth in the Second Circuit's decision in *Neilson*, directs the plaintiff to submit the following materials, as adapted from N.Y. C.P.L.R. § 1208(a)-(c),[1] to Judge Azrack by July 31, 2007:

(a) an affidavit from Zennaro setting forth the terms of the proposed discontinuance and/or settlement and the proposed distribution of any settlement, as well as Zennaro's approval of such discontinuance, settlement, and/or distribution (*see* N.Y. C.P.L.R. § 1208(a)) and

(b) an affidavit from Zennaro's attorneys providing

   (1) their reasons for recommending the proposed discontinuance and/or settlement,
   (2) a statement that, directly or indirectly, the attorneys have neither become concerned in the proposed discontinuance and/or settlement at the instance of a party or person opposing, or with interests adverse to, Goodey-Zennaro, nor received nor will receive any compensation from such party, and
   (3) a statement concerning whether the attorneys have represented or now represent any other person asserting a claim arising from the same occurrence (*see* N.Y. C.P.L.R. § 1208(b)).

SO ORDERED.

DATED:   Brooklyn, New York
         June 29, 2007

                                             _____/s/_____
                                                  DORA L. IRIZARRY
                                              United States District Judge

---

[1] N.Y. C.P.L.R. § 1208(a)-(c) requires the parties to submit more information than what the court lists here. However, Judge Azrack, having presided over discovery and settlement discussions, is familiar with the relevant facts and circumstances of this case. Accordingly, there is no need for the parties to resubmit certain information required by N.Y. C.P.L.R. that is already within the magistrate judge's purview.